United States District Court
Southern District of Texas
**ENTERED**
October 14, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSE SANTOS ISMAEL ORELLANA IBARRA, | § | |
| Petitioner, | § | CIVIL ACTION NO. H-26-3234 |
| vs. | § | |
| WARDEN, Montgomery Processing Center, *et al.*, | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

The petitioner, Jose Santos Ismael Orellana Ibarra, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued detention. (Docket Entry No. 1). On August 13, 2026, the respondent filed a Notice stating that the petitioner was scheduled for removal from the United States on August 18, 2026. (Docket Entry No. 13). On September 25, 2026, the court ordered the petitioner to provide a status update explaining whether the petitioner is still in custody or whether this habeas petition is moot because the petitioner is no longer in custody. (Docket Entry No. 14). The deadline for compliance was September 30, 2026. (*Id.*). The petitioner has not filed a response to the court's Order of September 25.

A district court may dismiss a lawsuit for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See* Fed. R. Civ. P. 41(b). "This authority is based on the courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases." *Lewis v. Sheriff's Dept. Bossier Parish*, 478 F. App'x 809, 815 (5th Cir. 2012) (per curiam) (internal quotation marks and citation omitted); *see also Gates v. Strain*, 885 F.3d 874 (5th Cir. 2018) (explaining that a district court may dismiss an action for failure to prosecute); *Nottingham*

*v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action for failure to comply with court orders).

The petitioner's failure to comply with the Order of September 25, 2026, forces the court to conclude that the petitioner lacks diligence in prosecuting this action. Therefore, under the court's general power to manage its docket, this case is dismissed without prejudice for want of prosecution.

This case is **dismissed** without prejudice. Any pending motions are **denied** as moot.

SIGNED on October 8, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge